UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHUCK HUNTER** : | **DOCKET NO. 17-cv-786** |
| **REG. # 29866-001** | **SECTION P** |
| **VERSUS** : | **UNASSIGNED DISTRICT JUDGE** |
| **CALVIN JOHNSON** : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court are the original and amended petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Chuck Hunter. Hunter is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the action dismissed under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, **with prejudice** as to the expungement claim and **without prejudice** as to the access to the courts claim.

I.
BACKGROUND

Hunter brings this petition seeking expungement of a prison disciplinary proceeding arising from an incident report issued on August 25, 2016. Doc. 1, p. 2; *see* doc. 1, att. 2, p. 27. According to the incident report, an FCIO officer uncovered evidence of Hunter attempting to buy an MP3 song to give to another inmate, in violation of Prohibited Act Code 328-A. Doc. 1, att. 2, p. 27.

The unit disciplinary committee found that Hunter had committed the prohibited act and sentenced him to thirty days without visiting privileges. *Id.* Hunter sought administrative review of the decision with the BOP, but claims that this process was frustrated at multiple levels by BOP offices' late processing and/or failure to process his timely appeals. Doc. 1; *see* doc. 1, att. 2.

## II.
## LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Section 2241*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

### 1. Prison Disciplinary Proceedings

Hunter is ostensibly challenging the Unit Disciplinary Committee's judgment and his resulting loss of visiting time, though he does not allege any specific errors, constitutional or otherwise, in that proceeding. However, a review of the complaint and exhibits reveals that this court cannot grant him relief based on those disciplinary proceedings, no matter what kind of error he alleges.

In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). For prisoners, such liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 115 S.Ct. at 2300 (citations omitted). The temporary loss of visiting privileges does not support such a claim. *Jacques v. Bureau of Prisons*, 632 Fed. App'x 225 (5th Cir. 2016) (citing *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000)). Accordingly, Hunter cannot state a claim for habeas relief based on the disciplinary proceeding challenged here.

### 2. Access to the Courts

Hunter's allegations about his inability to complete administrative review are best construed as a claim of denial of access to the courts. Habeas corpus is used to challenge the fact of confinement, rather than conditions of confinement. *Preiser v. Rodriguez*, 93 S.Ct. 1827, 1833 (1973). A claim by a prisoner that attacks the conditions of confinement, rather than the fact or duration of confinement, should be advanced in a civil rights action. *Cook v. Texas Dep't of Crim.*

*Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). An access-to-the-courts challenge relates to the condition of confinement, as a favorable determination would not automatically entitle the prisoner to accelerated release from prison. *Awwad v. Willis*, 2017 WL 3433544 at *6 (W.D. Tex. Aug. 8, 2017). Accordingly, Hunter cannot use a § 2241 proceeding to advance this claim and it should be dismissed without prejudice.

### III.
### CONCLUSION

Hunter's original and amended petitions fail to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the action be **DISMISSED** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, **with prejudice** as to the expungement claim and **without prejudice** as to the access to the courts claim. Hunter may pursue the latter in a civil rights complaint if he chooses.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE